[No. 4560.]

## Downing v. Haas.

1. **Pleading—Demurrer.**

Where an answer contains several defenses and a demurrer is interposed to the answer as a who'e, if it contains one good defense, the demurrer should be overruled.

2. **Quieting Title—Pleading.**

In an action to quiet title, where plaintiff deraigned title as of a certain date, and alleged possession for more than twenty years and the payment of taxes for seven consecutive years, an answer which pleaded title to the premises in defendant, and deraigned title of a date antedating that of plaintiff, and alleged facts which put in issue the averments of the complaint with respect to plaintiff's possession, both as to the period of twenty years, and as to the period upon which a right might be based by virtue of the payment of taxes, states a good defense to the action.

*Appeal from the District Court of Arapahoe County: Hon. Samuel L. Carpenter, Judge.*

*On Rehearing.*

Mr. L. B. France, for appellant.

Messrs. Rising & Marshall, for appellee.

CHIEF JUSTICE GABBERT delivered the opinion of the court.

Appellee, as plaintiff, brought an action against appellant, as defendant, to quiet title to a parcel of ground in the city of Denver. According to his complaint, he deraigned title as of date October 29, 1872, and that he and his grantors had been in the actual, continuous and uninterrupted peaceable possession of the premises in controversy from December 11, 1872, down to the date of the commencement of his action, and had paid all taxes legally assessed against the premises for the years 1894 to 1900, both inclusive. To this complaint the defendant interposed an answer, consisting of seven defenses, to which plaintiff filed a general demurrer, which was sustained.

The demurrer was directed to the answer as a whole, and if it contained one good defense it should have been overruled. The sixth defense deraigned title to the premises in controversy as of date February 5, 1870, it being averred that the grantors from whom the defendant obtained her title were the owners in fee, and in the actual possession and occupation thereof on that date. This defense also averred that the defendant obtained title from these parties as of date January 27, 1873, and that she then and there entered into the possession of the premises, and so remained until the 15th day of July, 1895, at which time the plaintiff unlawfully ousted her from such possession. This defense pleaded title antedating that of plaintiff, and, in addition, pleaded facts which put in issue the averments of the complaint with respect to the possession of plaintiff. In other words, the facts alleged in this defense, if proven, would establish a title in the defendant superior to that of plaintiff, because the facts pleaded exhibited a title from a paramount source antedating

that of plaintiff, and also stated facts from which it appeared that plaintiff was not in the possession of the premises as claimed, either for the period of twenty years, or for a period upon which a right might be based by virtue of the payment of taxes. The demurrer was improperly sustained.

The conclusion is the same as announced in the former opinion, but in that opinion the seventh defense only was considered. The former opinion is withdrawn, the judgment of the district court is reversed and the cause remanded, with directions to overrule the demurrer to the answer.

*Reversed and remanded.*

Justices Gunter and Maxwell concur.